**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

CASE NO.:

AT LAW AND IN ADMIRALTY

JANE DOE,

      Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

      Defendant.

_____/

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, JANE DOE, hereby sues the Defendant, CARNIVAL

CORPORATION d/b/a CARNIVAL CRUISE LINE, and files this Complaint, and alleges:

**GENERAL ALLEGATIONS**

1. This is an action seeking damages in excess of seventy-five thousand dollars
   ($75,000.00), exclusive of interest, costs, and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of the admiralty
   or maritime jurisdiction pursuant to 28 U.S.C.§ 1333 and § 1332, and is being
   filed in Federal Court as required by the venue selection clause in the Passenger
   Contract Ticket issued by the Defendant.

3. The Plaintiff, JANE DOE, is sui juris, and is a citizen and permanent resident of
   Kitsap County, Washington.

4. The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE
   (hereinafter "CARNIVAL"), was and is a foreign corporation with its principal place

1

of business in Miami, Florida.  At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject accident occurred.

5. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b.  Had an office or agency in this state and/or county; and/or

   c.  Engaged in substantial activity within this state; and/or

   d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT**.  The incident occurred on or about Saturday, December 1, 2018.

8. **LOCATION OF INCIDENT**.  The incident occurred on the vessel in a maintenance closet onboard the Carnival *Miracle*, a ship in navigable waters while the Plaintiff was a passenger aboard.  Accordingly, the Plaintiff's claims are governed by the General Maritime Law.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT**.  At all times and material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.  The Plaintiff does not have a copy of the subject ticket but the Defendant does.

10. **BACKGROUND FOR THE INCIDENT: THE BUSINESS MODEL; FAILURE TO SCREEN, TRAIN, SUPERVISE AND MONITOR.**  CARNIVAL chooses to hire its

crew from third world countries or from countries where the economy is bleak and the unemployment rate is high.  CARNIVAL chooses to hire from these countries to pay low wages and to get a willing workforce to work on a ship away from home for months at a time and for 7 days a week, often 12 to 14 hours a day.  For background checks, CARNIVAL utilizes agents or "hiring partners" in these countries and relies on the "hiring partners" in the third world country to obtain background information on these candidates.  But the investigation into the background and history of the prospective crew member in these countries, because of the lack of infrastructure, cannot be complete or verified.

11. CARNIVAL then fails to examine and test—reasonably under these circumstances - the applicants for a job which involves a high level of close contact with the public.  CARNIVAL also fails to train these crewmembers well, and then fails to monitor the crewmembers.  CARNIVAL'S failure to select, train, and control its male crew members and/or officers to refrain from sexual conduct with female passengers is disastrous in combination with CARNIVAL giving its male crewmembers unfettered access throughout the vessel.  Even while knowing that female passengers may walk around dark areas of the vessel at night, as DOE did, CARNIVAL fails to provide a safe environment for them.  CARNIVAL fails to protect its passengers from sexual assault, battery and rape by its crew members and/or officers.  CARNIVAL fails to warn female passengers that CARNIVAL's male crew members represent a danger to female passengers and fails to provide safeguards against sexual assault.

12. CARNIVAL hires male crew members and/or officers who are from a variety of different cultures, many of which do not have a progressive view towards women's rights and provide zero education on the necessity of consent for sex.  These crew

members and/or officers are away from their wives and girlfriends for months at a time.  The crew members and/or officers are inadequately screened and trained to interact with female passengers on its cruise ships.  The cruise line's alleged "zero tolerance" policy for fraternization between crew and passengers and/or officers is not implemented and enforced on the cruise ships.

13. The actions and conduct of CARNIVAL in hiring the personnel it hires, in failing to perform any real background checks, in failing to reasonably and properly screen or test the employees or prospective employees; in failing to reasonably and properly train its employees; in failing to reasonably and properly monitor and supervise the activities of these employees, in failing to monitor the pool decks in late at night; in failing to monitor dark public areas late at night; in failing to put into place a system where the passengers have real and direct access to security; in failing to properly man the ship with a sufficient number of security officers so that a sufficient number can be on duty at night to patrol the ship and deter this type of activity; in failing to restrict access to dark areas when CARNIVAL has a history of crewmember assault, battery, sexual battery, and rape of passengers and knows about the conditions under which its labor force operates caused or contributed to the cause this incident and therefore the injuries and damages of DOE.

14. DOE did not consent to the sexual attack described herein.

15. **DESCRIPTION OF THE INCIDENT:**  On or about December 1, 2018, one of CARNIVAL's employees sexually assaulted DOE.

16. At the time she was sexually assaulted, DOE was a 21 year old female traveling with a friend and her friend's family.

17. This was the first cruise DOE had ever joined.

18. On the last night of the subject cruise, DOE went up a stairwell.  At the top was a CARNIVAL employee.

19. Once DOE reached the top of the stairs, the subject employee lured DOE into a closet.  He went inside the closet with her, locked the door, raped her, and ejaculated on her.

20. Thereafter he unlocked the closet door and let DOE leave.

21. DOE immediately rushed away, towards her room.  The assailant caught up to her and asked her to allow him back in her room.  DOE declined his request. Once DOE reached her room, she burst into tears and told her friend what had just happened.

22. DOE and her friend went to find help and report what had happened.

23. DOE started hyperventilating and having panic attacks.

24. DOE located employees of Defendant to report the crime.

25. The cruise's staff members placed DOE in a wheelchair and took her to the ship's medical facility where staff utilized a rape kit on her and gave her medications to consume in order to fight sexually transmitted diseases she may have obtained during the rape.

26. Ship security questioned DOE and FBI agents came on the ship and questioned DOE.  DOE correctly identified CARNIVAL's rapist employee.

27. DOE gave a statement while being video recorded by CARNIVAL.

28. DOE was subjected to numerous episodes of humiliation following the medical examination where she had to walk through dozens of passengers who were waiting to disembark the ship.  They were ogling her as she passed through them in just a t-shirt as she was not provided any fresh clothes to wear.

29. Following the cruise, DOE followed up with CARNIVAL to see if the subject employee had been fired, if any disciplinary action was taken, and/or if he was arrested.  CARNIVAL did not respond.

30. The subject employee's acts were intentional, willful, wanton, outrageous, and in reckless disregard and indifference of the rights of DOE.

31. The subject employee's acts were intentional and calculated.  He took advantage of the ship's failure to have meaningful security.

32. Following the incident CARNIVAL refused to provide DOE with access to: all video showing her with the assailant; any witness statements that were completed at CARNIVAL's request; a video that CARNIVAL recorded of DOE speaking.

33. **THESE ACTIONS ARE A BASIS FOR PUNITIVE DAMAGES.**  These actions by CARNIVAL whereby it hires crew members using the business model described above, in failing to perform any real background checks; in failing to reasonably and properly screen or test the employees or prospective employees; in failing to reasonably and properly train its employees; in failing to reasonably and properly monitor and supervise the activities of these employees; in failing to monitor the pool decks late at night; in failing to monitor dark public areas late at night; in failing to put into place a system where the passengers have real and direct access to security; in failing to properly man the ship with a sufficient number of security officers so that a sufficient number can be on duty at night to patrol the ship and deter this type of activity; in failing to restrict access to dark areas when CARNIVAL has a history of crewmember assault, battery, sexual battery, and rape of passengers and knows about the conditions under which its labor force operates is "wanton, willful or outrageous conduct", and conduct which is owing to gross negligence and "willful, wanton and reckless indifference for the rights

of others", all of which constitute a basis for punitive damages against CARNIVAL under the General Maritime Law.

34. Further, the perpetrator was unfit to be a seaman who had access to passengers late at night in dark, public areas of the ship, and CARNIVAL was reckless in employing and retaining him. This also constitutes a basis for punitive damages against CARNIVAL under the General Maritime Law.

35. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARDS TO SEXUAL ASSAULT AND BATTERY.** The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape. This is a "special non-delegable duty owed by the carrier to the passenger". *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Circuit 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employee's misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the 11th Circuit in *Doe v. Celebrity Cruises Inc.*, 394 F. 3d at 909. Stated otherwise, "it is a widely adopted rule that common carriers owe such an absolute duty to their passengers". *Morton v. De Oliveira*, 984 F. 2d 289, 291-92 (9th Cir. 1993) as cited in *Doe v. Celebrity Cruises Inc.* 394 F. 3d at 911. See, *Nadeau v. Costley*, 634 S. 2d 649, 652-3 (Fla. 3d DCA 1994) and *Commodore Cruise Line, Ltd. v. Kormendi*, 344 S. 2d 896 (Fla. 3d DCA 1977).

36. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 888

So.2d 654 (Fla. 3d DCA 2004).   The Defendant also owes a "duty to exercise reasonable care under the circumstances".  See, *Harnesk vs. Celebrity Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S.D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

37. The cruise line is directly negligent for negligently hiring, training, and retaining the subject employee.  Further, the cruise line is directly negligent for its negligent misrepresentations in its literature, website, and videos about the existence and quality of its crew and/or officers and services provided by the crew and/or officers. See, e.g., *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1355 (S.D. Fla. 2009). Further, the cruise line here voluntarily assumed or voluntarily undertook to provide safety and security and reasonably safe and well-trained employees for its passengers, and thus created a duty to provide these services with reasonable care under the circumstances. See, e.g., *Goldberg v. Florida Power and Light Company,* 899 So. 2d 1105 (Fla. 2005); *Kerfoot v. Waychof*, 501 So. 2d 588 (Fla. 1987); *Horton v. Freeman*, 943 So. 2d 1016 (Fla. 4th DCA 2006); *Estate of Sharp v. Omnicare, Inc.*, 879 So. 2d 34 (Fla. 5th DCA 2004); and *Roos v. Morrison*, 913 So. 2d 59 (Fla. 1st DCA 2005).

38. **BASES OF THE DUTIES OWED.**  The duties of CARNIVAL in this case are created by:

a. The General Maritime Law as stated above in regard to the duty to exercise reasonable care for the safety of passengers and the non-delegable duty to provide safe passage to its passengers;

b.  The cruise line's voluntarily undertaking to provide safety and security for its passengers, security personnel, security cameras and surveilance, and security processes and procedures onboard its ships;  and

c.  The facts surrounding this situation, which in addition to the allegations above, include:

  i.  There is a special relationship between CARNIVAL and the perpetrator of the attack on the Plaintiff; CARNIVAL employed the perpetrator onboard the cruise ship operated by CARNIVAL at the time of the attack and CARNIVAL provided to the perpetrator room and board on the cruise ship, training for his job, and sponsorship for the necessary visas to work on the subject foreign flagged vessel.  CARNIVAL therefore had a duty to control the conduct of the perpetrator;

  ii.  There is a special relationship between CARNIVAL and the Plaintiff herein; CARNIVAL is a common carrier of passengers for hire and the Plaintiff at the time of the attack was a passenger onboard the Carnival *Miracle* cruise ship;

  iii.  The place and character of the business of CARNIVAL is such that there is a special or peculiar temptation or opportunity for criminal misconduct affecting the passengers where the crewmembers are men, from third world countries, working 7 days a week, 12 to 14 hours/day, living and working onboard the cruise ship and without physical contact with and away from their families and wives for months at a time, and surrounded at all times by relaxed, vacationing young women; The cruise line has knowledge of and allows for male crew to fraternize with female passengers;

  iv.  The place and character of the business of CARNIVAL is such that

9

CARNIVAL should reasonably anticipate criminal conduct on the part of the crew;

v.    The past experience of CARNIVAL is such that CARNIVAL should reasonably anticipate criminal conduct on the part of the crew.  CARNIVAL has knowledge that crew members over the years before this incident engaged in crimes onboard CARNIVAL cruise ships including assault, battery, sexual assault, sexual battery, and rape on passengers and on other crewmembers;

vi.   CARNIVAL affords its crew, these men, with access to dark  public areas of the ship that are frequented by passengers including female passengers and specifically DOE herein;

vii.  A cruise is a situation in which the crewmembers and the passengers are isolated on a ship in an open ocean and a dependent on the cruise line to prevent and protect against crime committed by crew members;

viii. A cruise is a situation where a passenger and crewmembers have a justifiable expectation of being safe at all times on public spaces.

ix.   CARNIVAL employs adult men from cultures with different views on women and sex including from Indonesia, the country of origin of the perpetrator crewmember herein;

x.    CARNIVAL has knowledge of and allows for male crew members to fraternize with female passengers;

xi.   CARNIVAL does not have onboard a governmental police force; Security onboard its ships is provided by employees of the cruise ship;

xii.   CARNIVAL by its representations online, in print and other advertising, and in its literature represents that it will undertake to provide security for a safe and secure environment for passengers;

xiii.   CARNIVAL has voluntarily undertaken to provide security officers, security keys, surveillance, security equipment, and security procedures onboard;

xiv.   CARNIVAL knows that passengers onboard are vacationing.  Because of that and because of CARNIVAL's advertising, passengers including the Plaintiff herein let their guard down and travel in dark, public areas of the ship late at night while onboard; and

xv.   CARNIVAL in an effort to save money and make more profits hires poorly educated, poorly trained crewmembers from third world countries, such as the country from which the subject crewmember was from, so that CARNIVAL can pay these crewmembers low wages which U.S. and other workers would not tolerate or accept. These countries, such as Indonesia where the perpetrator crewmember herein was from, have third world infrastructure and poor criminal and vocational record keeping.  The result is that CARNIVAL cannot obtain in depth or accurate background checks on the prospective crewmembers, which is especially important because CARNIVAL does not administer personality or related psychological testing to the prospective or newly hired crewmembers.

## COUNT I - DIRECT LIABILITY OF CARNIVAL: NEGLIGENT HIRING, SCREENING, SUPERVISING, MONITORING, TRAINING, AND RETAINING

39. The Plaintiff, JANE DOE, hereby adopts and re-alleges each and every allegation

in paragraphs 1 through 38, above.

40. This is an action for CARNIVAL'S negligent hiring, screening, supervising, monitoring, training, and retaining.  CARNIVAL owes to its passengers a duty to use reasonable care under the circumstances.  Those duties and the facts and special relationships creating those duties are more fully described above.

41. CARNIVAL knew or in the exercise of reasonable care should have known that on board its cruise ships there have been numerous assaults, batteries, sexual assaults and batteries, rapes, and attacks perpetrated by crew on passengers. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships—more fully described herein— assault, battery, and sexual assault and battery by crew members is an ongoing and repetitive problem and therefore foreseeable.

42. The Defendant cruise line breached its duty to exercise reasonable care under the circumstances by its actions and conduct including but not limited to the following:

   a. Failing to hire crew only from countries with infrastructure which ensures in depth and accurate criminal, vocational, mental health, and other background checks and investigation;

   b. Failing to screen reasonably and accurately people applying for a crew position or crewmembers after they are hired for criminal, vocational, mental health, and other background information through reasonable and proper investigation and testing;

   c. Failing to supervise and monitor the activities of crewmembers onboard its ships especially crewmembers who have access to passengers in the dark, public areas of the ship, with personnel, electronic means, appropriate rules

and procedures, and/or proper enforcement of rules and procedures;

d. Failing to train and counsel its crewmembers and their supervisors all during the employment to follow rules and procedures, to stay out of and away from passengers in the dark, public areas of the ship, to respect female passengers, to report crew or passenger misconduct or other issues, and to refrain from assaults, batteries, and sexual assaults and batteries;

e. Failing to retain crewmembers reasonably under these circumstances by evaluating crew reasonably, timely, and in sufficient depth and by taking action on the evaluations of currently employed crewmembers for problems, rule and procedure violations, and tendencies toward assaults and batteries;

f. Failing otherwise to fulfill representations made by CARNIVAL on its website, online, in their literature, and otherwise about the safety and security of passengers in the dark, public areas of the ship;

g. Failing otherwise to make, create, and maintain a safe environment for passengers in the dark, public areas of the ship, including the Plaintiff herein;

h. Failing to comply with applicable industry and other standards, statutes, and/or regulations the violation of which amounts to negligence per se and/or evidence of negligence and/or; and

i. Failing to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence.

43. CARNIVAL by failing to hire, screen, monitor, supervise, train, and retain crewmembers reasonably and properly proximately caused and allowed this

attack and the injuries and damages suffered by the Plaintiff.  The injuries and damages suffered by the Plaintiff as a result of the negligence of the Defendant include but are not limited to economic damages in the past and in the future on a permanent basis including but not limited to expenses for medical and psychological care and treatment, household and other expenses, past lost income, and future loss of the ability or capacity to earn income; and non-economic damages in the past and in the future on a permanent basis including bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment and disability, inconvenience, scarring, and disfigurement, all of which in the past and in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for all damages to which she is entitled under the General Maritime Law and otherwise including but not limited to economic damages suffered in the past and in the future on a permanent basis by the Plaintiff including but not limited to expenses for medical and psychological care and treatment, household and other expenses, loss of income, and loss of the ability and capacity to earn income in the future; non-economic damages including but not limited to bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment, disability, inconvenience, scarring, and disfigurement; punitive damages; all  court costs; all interest which accrues from the date of the incident on all economic and non-economic damages under the General Maritime Law; and any and all other damages which the Court deems just and proper.

### COUNT II - DIRECT LIABILITY OF CARNIVAL:
### NEGLIGENT PROCEDURES AND OPERATIONS

44. The Plaintiff JANE DOE, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 38, above.

45. This is an action for negligent procedures and operations.  CARNIVAL owes to its passengers a duty to use reasonable care under the circumstances.  Those duties and the facts and special relationships creating those duties are more fully described above.

46. CARNIVAL knew or in the exercise of reasonable care should have known that onboard its cruise ships there have been numerous assaults, batteries, sexual assaults and batteries, rapes, and attacks perpetrated by crew on passengers.  Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships—more fully described herein— assault, battery, and sexual assault and battery by crew members is an ongoing and repetitive problem and therefore foreseeable to take place in any place to which the crew has access, which in this case is the dark public area of the ship on or by the Lido Deck.

47. CARNIVAL breached its duty to exercise reasonable care under the circumstances by its actions and conduct including but not limited to the following:

   a. Failing to make, create, and maintain a safe environment for passengers, including the Plaintiff herein, in all dark, public areas of the ship;

   b. Failing to fulfill their representations made in their literature, website, online, and otherwise about the safety and security of passengers onboard;

   c. Failing to prevent its crewmembers from committing crimes or violent acts to passengers onboard;

   d. Failing sufficiently to monitor and supervise the conduct, activities, and whereabouts of its crew onboard its own cruise ship especially crew such as the perpetrator of this event who had access to passengers in the dark, public areas of the ship;

e. Failing to implement reasonable and proper procedures for the safety and security of the passengers onboard the ship including the safety of female passengers;

f. Failing to warn female passengers that the ship is not a safe place, that there are predators among CARNIVAL'S crew, and that the security systems and personnel onboard ship were not adequate to protect passengers from crewmembers attacking passengers in dark, public areas of the ship;

g. Failing to have video surveillance in maintenance closets and other areas to allow the vessel to monitor the activities of its crew and to deter crew from committing crimes and violent acts onboard;

h. Failing to otherwise monitor or keep track of crewmembers especially those crew who have access to passengers late at night in dark, public areas of the ship;

i. Failing to prevent crew from engaging in assaults, batteries, sexual assaults and batteries, and rape onboard the subject vessel;

j. Failing to recruit crew from countries where proper and reliable background checks into criminal, vocational, and mental health histories can be obtained;

k. Failing to reasonably and properly screen crew members who would have access to passengers late at night in dark, public areas of the ship;

l. Failing to provide sufficient rules, regulations, policies, and/or procedures for CARNIVAL employees regarding interaction with passengers and regarding access to passengers in dark, public areas of the ship;

m. Failing to reasonably and properly enforce rules, regulations, policies and procedures for CARNIVAL employees regarding interaction with passengers and regarding access to passengers in dark, public areas of the ship;

n.  Failing to implement reasonable and proper methods of preventing crime by CARNIVAL employees;

o.  Failing to comply with applicable industry and other standards, statutes, and/or regulations the violation of which negligence per se and/or evidence of negligence;

p.  Failing to implement reasonable and proper procedures for the safety and security of the passengers onboard the ship including but not limited to security policies and procedures commensurate with the type of business conducted therein, namely an isolated party ship where passengers have a reasonable and justifiable expectation of feeling safe in all areas accessible to the public on the ship;

q.  Failing to have reasonable and proper methods of preventing crime to be committed by crewmembers sexually assaulting passengers in dark, public areas of the ship;

r.  Failing to take additional security measures after being put on notice that the security measures in force are inadequate;

s.  Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case; and

t.  Failing to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence.

48. CARNIVAL by its negligent procedures and operations proximately caused and allowed this rape and the injuries and damages suffered by the Plaintiff.  The injuries and damages suffered by the Plaintiff as a result of the negligence of the

Defendant include but are not limited to economic damages in the past and in the future on a permanent basis including but not limited to expenses for medical and psychological care and treatment, household and other expenses, past lost income, and future loss of the ability or capacity to earn income; and non-economic damages in the past and in the future on a permanent basis including bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment and disability, inconvenience, scarring, and disfigurement, all of which in the past and in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for all damages to which she is entitled under the General Maritime Law and otherwise including but not limited to: economic damages suffered in the past and in the future on a permanent basis by the Plaintiff including but not limited to expenses for medical and psychological care and treatment, household and other expenses, loss of income, and loss of the ability and capacity to earn income in the future; non-economic damages including but not limited to bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment, disability, inconvenience, scarring, and disfigurement; punitive damages; all court costs; all interest which accrues from the date of the incident on all economic and non-economic damages under the General Maritime Law; and any and all other damages which the Court deems just and proper.

### COUNT III - DIRECT LIABILITY OF CARNIVAL: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49. The Plaintiff JANE DOE, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 38, above.

50. This is an action for negligent infliction of emotional distress. CARNIVAL engaged in negligent conduct. The Defendant had a duty to provide for the safety of its

passengers and to avoid the infliction of emotional distress of its passengers, including in dark, public areas of the ship.  CARNIVAL breached its duties and acted unreasonably under the circumstances by its actions and conduct including but not limited to the following:

a.  Failing to make, create, and maintain a safe environment for passengers in dark, public areas of the ship, including the Plaintiff herein;

b.  Failing to fulfill their representations made in their literature, website, online, and otherwise about the safety and security of passengers onboard;

c.  Failing to prevent its crewmembers from committing crimes or violent acts to passengers onboard;

d.  Failing sufficiently to monitor passenger activity, especially in the middle of the night;

e.  Failing sufficiently to monitor and supervise the conduct, activities, and whereabouts of its crew onboard its own cruise ship especially crew such as the perpetrator of this event who had access to passengers in dark, public areas of the ship;

f.  Failing to implement reasonable and proper procedures for the safety and security of the passengers onboard the ship including the safety of female passengers;

g.  Failing to warn female passengers that the ship is not a safe place, that there are predators among CARNIVAL'S crew, and that the security systems and personnel onboard ship were not adequate to protect passengers from crewmembers attacking passengers in dark, public areas of the ship;;

h. Failing to have video surveillance in maintenance closets, and other areas, to allow the vessel to monitor the activities of its passengers and crew and to deter crew from committing crimes and violent acts onboard;

i. Failing to otherwise monitor or keep track of crewmembers especially those crew who have access to passengers in dark, public areas of the ship;

j. Failing to prevent crew from engaging in assaults, batteries, sexual assaults and batteries, and rape onboard the subject vessel;

k. Failing to recruit crew from countries where proper and reliable background checks into criminal, vocational, and mental health histories can be obtained;

l. Failing to reasonably and properly screen crew members who would have access to passengers late at night in dark, public areas of the ship;

m. Failing to provide sufficient rules, regulations, policies, and/or procedures for CARNIVAL employees regarding interaction with passengers and regarding access to passengers in dark, public areas of the ship;;

n. Failing to reasonably and properly enforce rules, regulations, policies and procedures for CARNIVAL employees regarding interaction with passengers and regarding access to passengers in dark, public areas of the ship;

o. Failing to implement reasonable and proper methods of preventing crime by CARNIVAL employees;

p. Failing to comply with applicable industry and other standards, statutes, and/or regulations the violation of which amounts to negligence per se and/or evidence of negligence;

q. Failing to implement reasonable and proper procedures for the safety and security of the passengers onboard the ship;

r.   Failing to have reasonable and proper methods of preventing crime to be committed by crewmembers in dark, public areas of the ship;

s.   Failing to implement reasonable and adequate security policies, security measures, and security procedures necessary to protect young. female passengers on the subject ship;

t.   Failing to take additional security measures after being put on notice that the security measures in force are inadequate;

u.   Failing to reasonably and adequately provide an overall security plan which would meet industry standards and customs for safety onboard the subject ship;

v.   Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

w.   Failing to provide security commensurate with the type of business conducted therein, namely an isolated party ship where passengers have a reasonable and justifiable expectation of feeling safe in all areas accessible to the public on the ship; and

x.   Failing to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence.

51. The breaches of duties of CARNIVAL allowed and proximately caused the incident to occur and therefore caused the Plaintiff to suffer injuries and damages.  Those injuries and damages suffered by the Plaintiff are supported by objective symptomatology and/or diagnosis of a mental and emotional disorder.   The Plaintiff in this case has suffered and will continue to suffer from PTSD.

52. As a result of the negligent infliction of emotional distress, the Plaintiff, JANE DOE, has suffered damages and injuries including but not limited to economic damages in the past and in the future on a permanent basis including but not limited to expenses for medical and psychological care and treatment, household and other expenses, past lost income, and future loss of the ability or capacity to earn income; and non-economic damages in the past and in the future on a permanent basis including bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment and disability, inconvenience, scarring, and disfigurement, all of which in the past and in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for all damages to which she is entitled under the General Maritime Law and otherwise including but not limited to: economic damages suffered in the past and in the future on a permanent basis by the Plaintiff including but not limited to expenses for medical and psychological care and treatment, household and other expenses, loss of income, and loss of the ability and capacity to earn income in the future; non-economic damages including but not limited to bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment, disability, inconvenience, scarring, and disfigurement; punitive damages; all court costs; all interest which accrues from the date of the incident on all economic and non-economic damages under the General Maritime Law; and any and all other damages which the Court deems just and proper.

### COUNT IV - VICARIOUS LIABILITY OF CARNIVAL: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF PASSENGER BY CREWMEMBER

53. The Plaintiff JANE DOE, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 38, above.

54. This is an action for intentional infliction of emotional distress of a passenger by a crewmember.  The conduct of the perpetrator here was extreme and outrageous.  The perpetrator intended to inflict emotional distress or was reckless in his actions.  The intentional or reckless actions of the perpetrator in fact did inflict on the Plaintiff extreme emotional distress.

55. The actions of the CARNIVAL crew and/or employee cleaner were unlawful and in violation of criminal statute 18 U.S.C. Sec. 2241 (aggravated sexual abuse).

56. CARNIVAL is liable and responsible for the intentional infliction of emotional distress of the perpetrator under *respondeat superior* and under the strict liability of the cruise line for the criminal, wrongful, and/or violent actions of its onboard crew.

57. As a result of the intentional infliction of emotional distress, the Plaintiff, JANE DOE, has suffered damages and injuries including but not limited to economic damages in the past and in the future on a permanent basis including but not limited to expenses for medical and psychological care and treatment, household and other expenses, past lost income, and future loss of the ability or capacity to earn income; and non-economic damages in the past and in the future on a permanent basis including bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment and disability, inconvenience, scarring, and disfigurement, all of which in the past and in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for all damages to which she is entitled under the General Maritime Law and otherwise including but not limited to: economic damages suffered in the past and in the future on a permanent basis by the Plaintiff including but not limited to expenses for medical and psychological care and treatment, household and other expenses, loss of income, and loss of the ability

23

and capacity to earn income in the future; non-economic damages including but not limited to bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment, disability, inconvenience, scarring, and disfigurement; punitive damages; all court costs; all interest which accrues from the date of the incident on all economic and non-economic damages under the General Maritime Law; and any and all other damages which the Court deems just and proper.

## COUNT V - VICARIOUS LIABILITY OF CARNIVAL:
## FALSE IMPRISONMENT OF PASSENGER BY CREWMEMBER

58. The Plaintiff JANE DOE, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 38, above.

59. This is an action for false imprisonment.  The perpetrator falsely imprisoned the Plaintiff for the duration of his sexual attack on her.  The perpetrator restricted the movement of the Plaintiff during the sexual attack and would not allow her to leave the maintenance closet during that time.

60. The actions of the CARNIVAL employee cleaner in restricting the movement of Plaintiff during and in the course of this sexual attack were unlawful and/or were criminal.

61. CARNIVAL is vicariously liable and responsible for the intentional infliction of emotional distress of the perpetrator under *respondeat superior* and under the strict liability of the cruise line for the criminal, wrongful, and/or violent actions of its onboard crew.

62. As a result of the false imprisonment of the Plaintiff, JANE DOE, has suffered damages and injuries including but not limited to economic damages in the past and in the future on a permanent basis including but not limited to expenses for medical and psychological care and treatment, household and other expenses,

past lost income, and future loss of the ability or capacity to earn income; and non-economic damages in the past and in the future on a permanent basis including bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment and disability, inconvenience, scarring, and disfigurement, all of which in the past and in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for all damages to which she is entitled under the General Maritime Law and otherwise including but not limited to: economic damages suffered in the past and in the future on a permanent basis by the Plaintiff including but not limited to expenses for medical and psychological care and treatment, household and other expenses, loss of income, and loss of the ability and capacity to earn income in the future; non-economic damages including but not limited to bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment, disability, inconvenience, scarring, and disfigurement; punitive damages; all court costs; all interest which accrues from the date of the incident on all economic and non-economic damages under the General Maritime Law; and any and all other damages which the Court deems just and proper.

## COUNT VI - VICARIOUS LIABILITY OF CARNIVAL
## FOR SEXUAL ASSAULT OF PASSENGER BY CREWMEMBER

63. The Plaintiff JANE DOE, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 38, above.

64. On the date of the subject incident, CARNIVAL's employee committed the intentional act of aggravated sexual abuse on DOE in violation of 18 U.S.C. Sec. 2241(a).

65. CARNIVAL and the subject employee himself made it clear that he was an employee. The subject employee was wearing a Carnival badge, detailing his

name and nationality.  CARNIVAL gave him the job title and gave him unfettered access to the pool-deck area.  Hence, based on this information it is Plaintiff's information and belief that the subject employee held a position onboard the Carnival Miracle.

66. The actions of the subject employee were willful, intentional, wanton, outrageous, and in reckless disregard and indifference for the rights of others and for the safety and security of its passengers including the Plaintiff herein and therefore are a basis for punitive damages against CARNIVAL under the Restatement (Second) of Torts 909 and under the General Maritime Law.

67. CARNIVAL is vicariously liable and responsible for the criminal acts of its crewmember and/or employee under *respondeat superior* and under the strict liability of the cruise line for the criminal, wrongful, and violent actions of its onboard crew.

68. The subject employee's outrageous conduct committed onboard the ship and in the course and scope of his employment are attributable to CARNIVAL, have caused the Plaintiff to suffer damages, past and future, including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the General Maritime Law and state law including but not limited to:

economic damages, including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including: pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; punitive damages; all court costs; all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands a jury trial on all issues so triable.

DATED on this 18th day of November, 2019.

DANIEL W. COURTNEY, P.A.
800 Brickell Avenue
Suite 1400
Miami, Florida 33131
Telephone: (305) 579-0008
Facsimile: (305) 358-7222

By:    s/ Daniel W. Courtney
Daniel W. Courtney, Esq.
Florida Bar No: 0499781
dc@danielcourtneylaw.com