**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

CASE NO.: 19-24766-CIV-Williams/Torres

AT LAW AND IN ADMIRALTY

JANE DOE,

    Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

    Defendant.
_____/

**JOINT PRETRIAL STIPULATION**

Plaintiff, JANE DOE, and Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE ("Carnival"), by and through undersigned counsel, pursuant to Local Rule for the Southern District of Florida 16.1, file their Joint Pretrial Stipulation.

**I. Joint Statement of the Case**

On December 2, 2018, Plaintiff was a passenger onboard Carnival's vessel, the Carnival Miracle. On said date, at approximately 3:00 a.m. Plaintiff reported to Carnival crewmembers that she was sexually assaulted by a Carnival crewmember, later identified as Fredy Anggara. Plaintiff alleges that Carnival's negligence led to the sexual assault. Plaintiff alleges Carnival failed to supervise and monitor the crewmember and failed to maintain reasonable security for the protection of passengers. Plaintiff alleges Carnival is liable for Plaintiff's claimed emotional injuries, including infliction of emotional distress. Plaintiff alleges Carnival is liable for the conduct of the crewmember.

1

Carnival denies any negligence and asserts it maintains reasonable security on the ship for passengers' protection. Carnival further contends that it is not responsible for consensual sexual interactions between an adult passenger and crewmember. Carnival believes that the interaction between Plaintiff and the crewmember was consensual. Further, Carnival says that the sexual interaction between Plaintiff and Mr. Anggara was outside the scope of Mr. Anggara's employment and was unforeseeable to Carnival. Carnival alleges that it did not have notice that Mr. Anggara would have a sexual encounter with Plaintiff before it occurred, and is therefore not liable. Carnival contends Plaintiff's own negligence was the cause of her alleged injuries and also that the damages claimed in this case existed prior to the cruise.

## II. Basis for Federal Jurisdiction

This Court has jurisdiction by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. §1333 and §1332 and venue is proper based on the forum selection clause contained in Plaintiff's Passenger Ticket Contract.

## III. Pleadings Raising the Issues

A.  Complaint [DE 1];

B.  Amended Answer to Complaint and Affirmative Defenses [DE 16].

## IV. Undisposed Motions or Matters for Court Attention

A.  Plaintiff's Motion for Sanctions [DE 53];

B.  Plaintiff's Motion to Compel [DE 79];

C.  Defendant's *Daubert* Motion to Strike Ross Klein [DE 90];

D.  Plaintiff's Motion to Strike Pleadings and Entry of Default Judgment [DE 91];

E.  Plaintiff's Motion for Partial Summary Judgment [DE 92];

F.  Defendant's Motion for Partial Summary Judgment [DE 94];

G.  Plaintiff's Omnibus Motion *in Limine* [DE 116];

2

800 Brickell Avenue · Suite 1400 · Miami, FL 33131 · Tel: (305) 579-0008 · Fax: (305) 358-7222
www.danielcourtneylaw.com · dc@danielcourtneylaw.com

H.  Defendant's Omnibus Motion *in Limine* [DE 117]; and

I.  Defendant's Motion for Leave to File Sur-Reply [DE 119].

## V. Statement of Uncontested Facts

A.  Plaintiff was a passenger on the Carnival Miracle on December 2, 2018.

B.  On December 2, 2018, Carnival Corporation owned and operated the Carnival Miracle.

C.  Fredy Anggara was a crewmember of Carnival Corporation on December 2, 2018.

D.  Fredy Anggara was a Hotel Steward on the Carnival Miracle on December 2, 2018.

## VI. Issues of Fact to be Litigated at Trial

**Plaintiff's Issues of Fact[1]:**

A.  Whether Plaintiff was sexually assaulted.

B.  Whether Plaintiff was falsely imprisoned.

C.  Whether Defendant properly supervised Mr. Anggara.

D.  Whether Defendant properly monitored Mr. Anggara.

E.  Whether Defendant properly trained Mr. Anggara.

F.  Whether Defendant properly retained Mr. Anggara.

G.  Whether Defendant's procedures and operations were negligent.

H.  Whether Defendant failed to provide for the safety of Plaintiff.

I.  Whether Defendant failed to warn Plaintiff.

J.  Whether Plaintiff suffered emotional distress as a result of Fredy Anggara's actions.

K.  Whether Defendant destroyed evidence.

---

[1] Defendant disagrees with Plaintiff's framing of the issues. Defendant's position is that Plaintiff's issues of fact misstate the issues of law. Defendant has the duty to act reasonably under the circumstances.

**Defendant's Issues of Fact:**

L. Whether Carnival was negligent.

M. Whether the interaction between Plaintiff and the crewmember, Mr. Anggara was consensual.

N. Whether Plaintiff was negligent.

O. Whether Plaintiff's negligence, in whole or in part, was the proximate cause of her alleged injuries and damages.

P. Whether Plaintiff's alleged injuries and damages were proximately caused by pre-existing conditions, injuries, actions, or separate events.

Q. Whether Carnival had actual or constructive notice of the specific alleged risk creating condition.

R. Whether the incident and Plaintiff's alleged injuries and damages were a result of an unforeseeable criminal act of a third party.

S. Whether the crewmember involved in the incident acted outside the scope of his employment with Carnival.

T. Whether Plaintiff's alleged damages in this case pre-existed the incident.

U. Whether Plaintiff failed to mitigate her alleged damages.

V. Whether the costs of Plaintiff's past and future medical care and treatment as a result of the alleged incident are reasonable.

## VII. Issues of Law on which there is Agreement

A. General Maritime Law applies to this action.

## VIII. Issues of Law for Determination by the Court

A. The legal issues presented in the pending motions.

## IX. List of Trial Exhibits

A. Plaintiff's Exhibit List is attached hereto as Exhibit "A."

800 Brickell Avenue · Suite 1400 · Miami, FL 33131 · Tel: (305) 579-0008 · Fax: (305) 358-7222
www.danielcourtneylaw.com · dc@danielcourtneylaw.com

B.  Defendant's Exhibit List is attached hereto as Exhibit "B."

## X. List of Trial Witnesses

A.  Plaintiff's Witness List is attached hereto as Exhibit "A."

B.  Defendant's Witness List is attached hereto as Exhibit "C."

## XI. Estimated Time for Trial

The Parties estimate that the trial of this cause will require 5-7 days.

## XII. Attorneys' Fees

Neither party is claiming an entitlement to attorneys' fees, except those that Plaintiff claimed in Plaintiff's Motion for Sanctions [DE 53] and Plaintiff's Motion to Strike Pleadings and Entry of Default Judgment [DE 91].

Dated this 11th day of May, 2021

Respectfully submitted,

| | |
|---|---|
| DANIEL W. COURTNEY, ESQ. | CURTIS J. MASE, ESQ. |
| dc@danielcourtneylaw.com | cmase@maselaw.com |
| Daniel W. Courtney, P.A. | LAUREN A. LEVITT, ESQ. |
| 800 Brickell Ave, Suite 1400 | llevitt@maselaw.com |
| Miami, FL 33131 | WILLIAM SEITZ, ESQ. |
| Telephone (305) 579-0008 | Wseitz@maselaw.com |
| Facsimile: (305) 358-7222 | Mase Maebane & Briggs, P.A. |
| Counsel for Plaintiff | 2601 S. Bayshore Drive, Suite 800 |
| | Miami, FL 33133 |
| | Telephone: (305) 377-3770 |
| | Facsimile: (305) 377-0080 |
| | Counsel for Defendant |

5