UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  19-cv-24766-WILLIAMS/TORRES

JANE DOE,

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.

_____/

## DEFENDANT'S REPLY IN SUPPORT OF ITS AMENDED MOTION PURSUANT TO FEDERAL RULE OF EVIDENCE 412

MASE MEBANE SEITZ

Defendant Replies to Plaintiff's Response [ECF No. 171] and states:

Plaintiff requests the Court exclude six separately enumerated types of evidence [ECF No. 171 p. 7]. Carnival asserts it should be able to present evidence of (1) and (2). Carnival agrees to precluding (4), (5), and (6). As for (3), Carnival agrees to precluding circumstances of Plaintiff conceiving her child, but not to her having sex with Mr. Boaz the day they met.

Rule 412 allows evidence of sexual behavior or predisposition ("history") if at issue. Plaintiff put her history at issue by alleging a Carnival crewmember sexually assaulted her but is unsure if she consented. Carnival asserts consent as a defense based on many sources of evidence.[1] Plaintiff contends she did not consent because doing so would be out of character. But, Plaintiff consented to sex with Mr. Boaz the night they met—conduct in her character. [ECF No. 168-4].

Plaintiff relies on just one case. *Drury v. Volusia Cty.*, 2011 WL 13298708, at *2 (M.D. Fla. Jan. 18, 2011). In *Drury*, defendants argued the minor's sexual history was relevant to the "offensive" element of battery under Florida law, but the court disagreed and concluded that because "[p]laintiff was a minor at the time of the alleged incidents, any sexual activity with the significantly older lifeguards is a 'harmful' touching under Florida law." *Id. Drury* is inapplicable. *Cf. Judd v. Rodman*, 105 F.3d 1339, 1343 (11th Cir. 1997). Unlike *Drury*, Plaintiff's history is critical to her claims and Carnival's defenses.

The probative value of Plaintiff's history substantially outweighs the risk of prejudice. Plaintiff alleges a crewmember sexually assaulted her, but cannot recall if she consented, and thinks she did not. Carnival must rely on evidence of Plaintiff's history to impeach Plaintiff and challenge liability since Plaintiff cannot recall and the (former) crewmember is unavailable.  The only evidence of consent is in the Amended Motion. [ECF No. 168 pp. 2-3] The central issue is

---

[1] Including Plaintiff's testimony and FBI findings.

consent. Therefore, this evidence is highly relevant and the probative value substantially outweighs any risk of harm. *Id*.

Plaintiff argues the subject evidence will invade her privacy, embarrass her, and sexually stereotype her. However, Rule 412's balancing test weighs in favor of admission. Plaintiff recalls little, forcing Carnival to rely on the evidence in the Amended Motion. The probative value is high since Carnival is strictly liable for sexual assaults by a crewmember, outweighing risk of harm.

Plaintiff's sexual predisposition and history are also relevant to damages. *See Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 719 (Ky. 2009).[2] Plaintiff's Response ignores damage's relevance. Like in *Brooks*, the Parties' experts here based their damages opinions on what damages non-consensual intercourse could cause Plaintiff. Thus, consent is also relevant to damages.

For damages, evidence of prior assaults is admissible if they might affect the Plaintiff's psychiatric condition. *See Delaney v. City of Hampton*, 999 F. Supp. 794, 796 (E.D. Va. 1997). Dr. Reinach attributed Plaintiff's psychiatric disorders to a prior sexual assault. Carnival's expert relied on Dr. Reinach's opinion and medical records. Therefore, the probative value of Plaintiff's sexual history outweighs any risk of harm.

Plaintiff argues Carnival intends to offer her testimony "only to smear her image," relying on a question asked of Plaintiff during her deposition: whether she asked the crewmember to "f*ck her." This was not done to embarrass Plaintiff—the crewmember reported that quote to the FBI. *See* FBI notes, Exh. 1 p. 7. Because the crewmember is unavailable, Carnival tried to confirm this statement to the FBI by questioning Plaintiff. Though inappropriate, it goes to the central issue of consent. Carnival asked Plaintiff if she made that statement only because the investigation revealed she did. Further, Plaintiff put her sexual character at issue by answering, "that sounds out of my

character." The statement and testimony are thus also admissible for impeachment.

Plaintiff now seeks to withdraw her damages claim based on an adverse effect to her sex life. Plaintiff's Complaint claimed loss of enjoyment of life and her interrogatory responses state: "this incident has changed . . . how intimate I am with a person."  Despite Plaintiff's contrary testimony, her damages expert opined the incident had an adverse impact on Plaintiff's sex life, making intimacy and affection difficult. [3] The reality is it a tactical attempt to limit the subject evidence. Though Plaintiff cannot alter her claimed damages with impunity, her credibility, believability and truthfulness are now subject to cross examination. Plaintiff put her condition at issue, which is relevant to her pain and suffering claim. The incident's effect on her sex life and its unexpected, sudden resolution relates to Plaintiff's condition. The jury must know Plaintiff claimed the incident hurt her sex life, then changed her mind.

In her Response, Plaintiff asserts facts that do not exist.[4] Plaintiff asserts she and Boaz communicated extensively and spent time together prior to their date. *See* [ECF 171 p. 5]. This is not in the record.[5] Boaz testified they communicated for a day or two via text before they met at a bar and left an hour later to Boaz's hotel. [ECF No. 168-4]. The record states Plaintiff said "it was not like her to have intercourse with someone she just met" and that Plaintiff had intercourse with Boaz on the day they met.

---

[3] Plaintiff has a duty to update her interrogatory responses but has not done so. Plaintiff did not abandon this claim until over a year after her deposition, after the deposition of her boyfriend Bradley Boaz, and after the close of discovery—making the retraction even more suspect. This is a tactical attempt to limit the subject evidence.
[4] To the best of Carnival's knowledge.
[5] "A lawyer must not . . . allude to any matter . . . that will not be supported by admissible evidence [or] assert personal knowledge of facts in issue except when testifying as a witness." R. Regulating Fla. Bar R. 4-3.4(e).

CASE NO.: 19-cv-24766-KMW

WHEREFORE, Carnival requests the Court grant its Amended Motion Pursuant to Federal

Rule of Evidence 412, as limited by Carnival above.

Respectfully submitted,

MASE MEBANE SEITZ, P.A.
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:     (305) 377-3770
Facsimile:     (305) 377-0080

By:     */s/ Lauren N. Cabeza*
        CURTIS J. MASE
        Florida Bar No.: 478083
        cmase@maselaw.com
        WILLIAM SEITZ
        Florida Bar No.: 73928
        wseitz@maselaw.com
        LAUREN CABEZA
        Florida Bar No.: 1025668
        lcabeza@maselaw.com