UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-24766-Civ-WILLIAMS/TORRES

JANE DOE,

    *Plaintiff,*

v.

CARNIVAL CORPORATION,

    *Defendant.*

_____/

## REPORT AND RECOMMENDATION ON ENTRY OF FINAL JUDGMENT

Following a $10,243,000 jury verdict in favor of Jane Doe ("Plaintiff"), Plaintiff filed a motion [D.E. 321] to enter judgment including pre-judgment interest on their past damages and post-judgment interest. Carnival Corporation ("Defendant") filed an opposition response [D.E. 322] and Plaintiff filed a reply. [D.E. 324]. Following an evidentiary hearing in the case on other matters, Defendant filed with the Court's leave a supplemental brief regarding pre-judgment interest [D.E. 376] and Plaintiff filed an amended proposed final judgment. [D.E. 381]. For the reasons detailed below, the motion and Plaintiff's requested relief should be **GRANTED** and judgment entered in the total amount of $12,026,753.82 based on interest running as of this date.

1

## I.  BACKGROUND

On December 2, 2018, Plaintiff was sexually assaulted by an employee of Carnival Corporation while she was a passenger onboard Defendant's commercial cruise ship. Plaintiff filed suit against Defendant in the United States Court for the Southern District of Florida under federal diversity and admiralty jurisdiction, alleging strict vicarious liability and direct negligence, and she concurrently exercised her right to a jury trial under the Court's diversity jurisdiction, 28 U.S.C. §1332.

After the case proceeded to trial, Plaintiff did not submit the issue of pre-judgment interest to the jury or request that the jury be given any instruction directly referring to any award of pre-judgment interest.  The jury's verdict [D.E. 307] did not find the Defendant to be negligent but held Defendant strictly liable for the actions of their employee. The verdict was entered on July 19, 2022, awarding Plaintiff $10,243,000.00 in total damages itemized as follows:

| | |
|---|---|
| Past General Damages: | $6,000,000.00 |
| Past Medical Expenses: | $3,000.00 |
| Future General Damages: | $4,000,000.00 |
| Future Medical Expenses: | $240,000.00 |

Plaintiff now moves this court to enter final judgment including pre-judgment interest for the portion of this verdict representing past damages at the average prime rate as well as post-judgment interest at the applicable rate specified under 28 U.S.C. § 1961.  That discrete legal issue was referred for disposition.

## II. APPLICABLE LAW AND ANALYSIS

### A. *General Maritime Rules Afford Pre-Judgment Interest on Plaintiff's Past Damages*

Federal courts have uniformly respected a "general rule that prejudgment interest should be awarded in maritime collision cases, subject to a limited exception for 'peculiar' or 'exceptional' circumstances."[1] *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 195 (1995). Accordingly, "[i]t is the general rule of this circuit to award pre-judgment interest in admiralty cases." *Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co.*, 338 F.3d 1276, 1280 (11th Cir. 2003) (citing *Ins. Co. of N. Am. v. M/V Ocean Lynx*, 901 F.2d 934, 942 (11th Cir. 1990)).

"[P]re-judgment interest should be awarded in admiralty cases [as it] is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully [theirs]." *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1191 (11th Cir. 2009) (quoting *Ocean Lynx*, 901 F.2d at 942). Awarding such interest "rests very much in the discretion of the tribunal which has to pass upon the subject, whether it be a court or a jury." *The Scotland*, 118 U.S. 507, 518-519 (1886). "The court's overall [discretion] to award prejudgment interest is governed by the abuse of

---

[1] While it is not contested by the parties here, federal law governs this dispute despite the existence of diversity jurisdiction under the "reverse-Erie" doctrine, which requires that "substantive remedies afforded by the States conform to governing federal maritime standards." *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 223 (1986). "[E]ven when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction [], if the injury occurred on navigable waters, federal maritime law governs the substantive issues . . . ." *Everett v. Carnival Cruise Lines*, 912 F. 2d 1355, 1358 (11th Cir. 1990). "[P]rejudgment interest should be considered a substantive issue, in order to provide uniformity and prevent forum shopping." *King v. Huntress, Inc.*, 94 A.3d 467, 500 (R.I. 2014).

3

discretion standard." *Parker Towing Co. v. Yazoo River Towing, Inc.*, 794 F.2d 591, 594 (11th Cir. 1986). When a court exercises its discretion to award pre-judgment interest, "[t]he rate of pre-judgment interest that should be awarded is the [average] prime rate during the relevant period" from the "date of the injury through the date on which the Final Judgment is entered." *Sunderland*, 338 F.3d at 1280; *Ruggieri v. NCL Ltd.*, No. 20-CV21961-DPG, 2023 WL 8791089, at *1 (S.D. Fla. Dec. 18, 2023).

This general rule has been applied throughout this circuit in cases of both economic and non-economic damages relating to maritime personal injuries, including pain and suffering. *See, e.g., Deakle v. John E. Graham & Sons*, 756 F.2d 821, 825, 832-34 (11th Cir. 1985) (affirming an award of pre-judgment interest on jury verdict for lost wages and pain and suffering after plaintiff was assaulted onboard defendant's ship by one of defendant's seaman); *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1302 (11th Cir. 2020) (affirming award of pre-judgment interest on portion of verdict representing past general damages and past medical expenses for injuries sustained from a passenger's fall onboard defendant's ship); *Tesler v. Costa Crociere, S.p.A.*, No. 08-60323 CN, 2009 WL 1286170, at *5 (S.D. Fla. May 7, 2009) (awarding pre-judgment interest on plaintiff's past general damages and past medical expenses stemming from a fall onboard defendant's ship); *Ewing v. Carnival Corp.*, No. 19-20264-CIV-GOODMAN, 2022 WL 17846578, at *1-2 (S.D. Fla. December 22, 2022) (awarding pre-judgment interest on the portion of a jury verdict for past general damages stemming from personal injuries including "pain and suffering, disability, physical impairment, disfigurement, mental or emotional

4

anguish, inconvenience, aggravation of an existing disease or physical defect and loss of capacity for the enjoyment of life"). As these cases establish, "[p]rejudgment interest is generally available for past pain-and-suffering damages, but unavailable for future pain-and-suffering damages." *Lebron v. Royal Caribbean Cruises, LTD.*, No. 20-14449, 2021 WL 2917265, at *2 (11th Cir. July 12, 2021).

Here, Plaintiff's claim included an admiralty cause of action based on the injuries suffered onboard Defendant's ship. Plaintiff was awarded an itemized verdict allocating damages for both past medical expenses as well as past general damages—including past pain and suffering—for her injuries stemming from a sexual assault by Defendant's employee onboard Defendant's vessel. The award of pre-judgment interest on the portion of the verdict representing past medical damages plainly falls under the "general rule" that pre-judgment interest should be awarded for economic damages in admiralty cases. *See City of Milwaukee*, 515 U.S. at 195; *Sunderland*, 338 F.3d at 1280. Specifically, this general rule also applies to an award of interest on the portion of the jury verdict representing Plaintiff's past pain and suffering, which is also "generally available" in this circuit. *See Deakle*, 756 F.2d at 825, 832-34 (affirming award of prejudgment interest on past pain and suffering damages); *Lebron*, 2021 WL 2917265, at *2 ("[P]re-judgment interest is generally available for past pain-and-suffering damages."); *see also Higgs*, 969 F.3d at 1302 (affirming award of interest on past general damages).

Notwithstanding that general presumption in admiralty cases, Defendant argues that no prejudgment interest should be awarded for entry of a final judgment

5

on the jury's verdict. We turn first to Defendant's contention that "peculiar" or "unusual" circumstances exist here such that an award of pre-judgment interest on Plaintiff's past damages would be inequitable.

There is no dispute that such a showing could militate against a prejudgment interest award. "Whether such peculiar circumstances exist is an inquiry subject to the clearly erroneous standard of review." *Parker Towing*, 794 F.2d at 594 (citation omitted). Traditional, non-exhaustive factors that may serve as an adequate basis for awarding interest only from the date of judgment include (1) the "plaintiff's delay in bringing suit"; (2) "the existence of a genuine dispute regarding ultimate liability or the complexity of the factual and legal issues to be resolved"; and (3) "judgment in an amount substantially less than that claimed." *Mecom v. Levingston Shipbuilding Co.*, 633 F.2d 1209, 1217 (5th Cir. 1980) (citations omitted).

Defendant contends that an award of pre-judgment interest here would be inequitable as Plaintiff "filed this suit nearly a year after the incident." [D.E. 376 at 3]. Further, Defendant asserts that the "hotly contested" nature of this suit should preclude pre-judgment based on a genuine dispute of ultimate liability as evidenced by a jury award of just over $10 million despite Plaintiff's request for $60 million in damages. [D.E. 376 at 4-6]. Finally, Defendant claims that the unique and fluctuating nature of non-economic damages in sexual assault cases, coupled with the lack of precedent imposing an award of interest on damages stemming from a strict vicarious liability assault claim, renders these circumstances unusual and thus warrants denial of pre-judgment interest. [D.E. 376 at 8-9].

We are not convinced by Defendant's contentions. Defendant has presented no evidence that Plaintiff's delay in filing suit was based on bad faith or improper motive. Further, while over 5 years have now lapsed between the date of Plaintiff's injury and the present, the length of these proceedings was not caused by Plaintiff's undue delay and thus does not warrant preclusion of pre-judgment interest on her past damages. *See Ewing*, 2022 WL 17846578, at *6 (awarding pre-judgment interest despite approximately 1 year in procedural delays caused by the COVID-19 pandemic) ("Pre-judgment interest is typically only tolled where the party seeking pre-judgment interest has acted in bad faith to delay the action.") (citation omitted).

Though the jury did not find that Defendant was directly negligent in causing Plaintiff's injuries, Defendant was nonetheless held vicariously liable for their employee's conduct to the tune of over $10 million in damages. Although significantly less than originally claimed by the Plaintiff, this amount can hardly evidence a genuine question of Defendant's ultimate liability in this case. The jury, operating as the ultimate finder of fact, plainly found Defendant to be liable and awarded damages accordingly. Based on their substantial damage award, we are not convinced that the jury was left with a genuine dispute as to Defendant's ultimate liability in this case.

Finally, while the invidious nature of a sexual assault victim's injuries may present a unique form of emotional distress, many other courts have imposed pre-judgment interest on past non-economic damages, including pain and suffering, stemming from personal injuries caused by maritime torts. *See, e.g., Deakle*, 756 F.2d at 825, 832-34; *Higgs*, 969 F.3d at 1302; *Tesler*, 2009 WL 1286170, at *5; *Ewing*, 2022

WL 17846578, at *1-2, *6. We therefore do not find it would be equitable to preclude pre-judgment interest based on the nature of Plaintiff's non-economic damages here. Further, despite the lack of on-point precedent involving the imposition of pre-judgment interest in strict vicarious liability sexual assault claims at admiralty, Defendant cites no binding authority precluding pre-judgment interest in such cases. Given the dearth of any such support for Defendant's position, an award of pre-judgment interest here would not be inequitable based on the nature of Defendant's liability.

In sum, absent a compelling showing of peculiar or unusual circumstances by Defendant, the well-established rule of awarding pre-judgment interest on past damages in admiralty cases governs here. Plaintiff is thus entitled to pre-judgment interest on the $3,000 award for past medical expenses and $6,000,000 award for past general damages, calculated at the average prime rate from the date of the injury—December 2, 2018—to the present date of the Final Judgment. (For purposes of this Report and Recommendation we will assume that date runs through March 1, 2024). Accordingly, the total damages, including pre-judgment interest, that should be entered in the Final Judgment should be $12,026,753.82.[2]

---

[2] Applying an annually-compounding average prime interest rate (5.05%) on the portion of the verdict representing past damages ($6,003,000) from the date of Plaintiff's injury on December 2, 2018, to the present time period, Plaintiff is entitled to $1,723,039.70 in pre-judgment interest. Plaintiff specified that $1,065.16 should be added to the interest award for each day lapsing between the amended proposed final judgment and the date of the Final Judgment. Because 56 days have passed between the date of the amended proposed final judgement and the present date, Plaintiff is entitled to an additional $60,714.12 in pre-judgment interest for a total interest award of $1,783,753.82. Adding this interest award to the $10,243,000 in

### B. *Plaintiff's Past Damages Were Itemized and Provide an Objective Mechanism to Properly Apportion Pre-Judgment Interest*

We turn to the next primary argument Defendant raises in opposition to an award of prejudgment interest. Defendant urges this Court to adopt an exception to the general rule that pre-judgment interest should be awarded in admiralty cases based on Plaintiff's failure to submit the issue of pre-judgment interest to the jury. The theory is that, because under federal diversity jurisdiction, 28 U.S.C. § 1332, Plaintiff could and did opt for a jury trial, then she was obligated to present the issue of interest directly to the jury as only a jury finding could trigger any liability for prejudgment interest. Here, no such effort was made and the jury was never instructed to make any specific finding related to prejudgment interest in its verdict form. [D.E. 322 at 1-4]. Hence, the Court cannot now under Rule 59 or 60 incorporate any prejudgment interest award for an action at law, even though it undoubtedly could have done so had the case proceeded to a bench trial under admiralty jurisdiction.

For this proposition, Defendant principally relies on a line of cases where other circuits have held that "it is the federal law that in actions at law when the award of interest rests in discretion, it is the jury who must exercise it . . . ." *Robinson v. Pocahontas, Inc.*, 477 F.2d 1048, 1053 (1st Cir. 1973) (striking award of court-imposed pre-judgment interest on a maritime jury verdict) (quoting *Newburgh Land & Dock Co. v. Texas Co.*, 227 F.2d 732, 735 (2d Cir. 1955) (reversing court-imposed award of

---

damages awarded in the jury verdict, Plaintiff is entitled to total damages in the amount of $12,026,753.28.

9

pre-judgment interest on a $22,500 general jury verdict for maritime property damage)); *see also Havis v. Petroleum Helicopters, Inc.*, 664 F.2d 54, 55 (5th Cir. Dec. 14, 1981) (reversing court-imposed award of pre-judgment interest on $800,000 general jury verdict); *Peterson v. Chesapeake & Ohio Ry. Co.*, 784 F.2d 732, 740 (6th Cir. 1986) ("[W]here a [] maritime claim is tried to a jury, the grant or denial of prejudgment interest must be submitted to the jury."); *cf. Sanford Bros. Boats, Inc. v. Vidrine*, 412 F.2d 958, 973 (5th Cir. 1969) ("[I]n Federal cases, where jurisdiction is based upon Federal law rather than upon diversity, interest on a personal injury claim runs from the date of entry of judgment rather than from the date of judicial demand.").

In *Havis*, for example, the plaintiff filed suit under both federal diversity and maritime jurisdiction. He exercised his diversity right to a jury trial after he was injured when a helicopter transporting him crashed into the Gulf of Mexico. 664 F.2d at 55. After receiving a general jury verdict of $800,000 in his favor, the plaintiff subsequently petitioned the court to enter an amended judgment to include pre-judgment interest on his jury award despite not raising the issue to the jury during the trial or requesting that an instruction be provided informing the jury that interest may subsequently be awarded by the court. *Id*. The trial court denied the plaintiff's motion to amend judgment, and the Fifth Circuit—less than two months after the Eleventh Circuit split[3]—affirmed, holding that "where a maritime cause of action is

---

[3] *See Bonner v. City of Prichard, Ala.*, 661 F. 2d 1206 (11th Cir. Nov. 3, 1981) (adopting former 5th Circuit decisions issued on or before September 30, 1981, as binding 11th Circuit precedent).

10

tried solely to a jury which has been demanded under the exercise of diversity jurisdiction the grant or denial of pre-judgment interest must be submitted to the jury." *Id.*

The Eleventh Circuit has not gone that far. In *Reichert*, a crewmember brought suit in federal court under the Longshore and Harbor Worker's Compensation Act after suffering injuries to his thumb while repairing the engine on the defendant's ship. *Reichert v. Chemical Carriers, Inc*, 794 F.2d 1557, 1558 (11th Cir. 1986). A jury awarded the injured crewmember a lump sum of $50,000 in damages, and the district court subsequently denied Mr. Reichert's motion to amend judgment to include pre-judgment interest on their general damage award. *Id.* Because "prejudgment interest is inappropriate" for future damages, the Eleventh Circuit affirmed the denial of pre-judgment interest on the lump sum damages, holding that "[f]or prejudgment interest to be proper there must be some way for the court to determine the correct amount to award." *Id.* at 1559. The opinion thus implies that pre-judgment interest could be available if a verdict form itemized the damages awarded. And that is not inconsistent with *Havis* which clearly involved only a traditional general verdict form as opposed to special verdicts more commonly in use today.

Yet Defendant highlights and relies on the aspect of the *Reichert* opinion that the plaintiff "[did] not contend that he had asked for and been refused a jury instruction on prejudgment interest, or an instruction that the jury should return an itemized verdict." *Id.* Unlike other circuits, however, which have arguably held that a failure to raise the issue to the jury "violate[s] the province of the jury", *Pocahontas*,

11

477 F.2d at 1053, the Eleventh Circuit in *Reichert* only expressed concern that a plaintiff's failure to submit the issue to the jury would result in a generalized verdict and thus force the court to "make a guess as to the appropriate amount of prejudgment interest." *Reichert*, 794 F.2d at 1559. Rather than foreclosing court-imposed pre-judgment interest on a jury award when the issue of interest was not raised to the finder of fact, the better reading of *Reichert* instead permits such awards of interest on past damages in admiralty claims so long as the court can confidently distinguish past damages from future damages.

Support for our reading of *Reichert* can be found in another maritime personal injury case, *Lebron v. Royal Caribbean Cruises, LTD*. In *Lebron*, the Eleventh Circuit reaffirmed the holding in *Reichert*. There, Mr. Lebron sued under both federal admiralty and diversity jurisdiction after he suffered a serious ankle fracture due to negligent maintenance of an ice-skating rink on the defendant's cruise ship. *Lebron*, 2021 WL 2917265, at *2. A jury, requested by the plaintiff pursuant to his rights under 28 U.S.C. § 1332, returned a verdict for Mr. Lebron and awarded him $42,005.75 (later reduced to $10,734.21) in past medical expenses and $625,000 for general pain and suffering. *Id*. at *3. While, like here, the issue of pre-judgment interest was not raised to the jury as the finder of fact, the district court granted the plaintiff's motion to amend to include pre-judgment interest on the portion of his jury award representing past medical expenses. *Id*. The Court, however, denied the award of pre-judgment interest on the general pain and suffering damages. *Id*.

On appeal, the Eleventh Circuit followed *Reichert* and affirmed the denial of pre-judgment interest on the general damages because the plaintiff "failed to provide an objective method for the district court to 'determine upon which portion of the judgment, if any, to award prejudgment interest.'" *Id*. at *6 (quoting *Reichert*, 794 F. 2d at 1559). "After a jury returns a verdict, it is often too late to consider how the damages should have been calculated, proved, and awarded." *Id*. (citation omitted).

Despite a clear record indicating that the issue of interest was not raised to the jury, *Lebron* nonetheless acknowledged concluded that "it is within a district court's discretion to award prejudgment interest for pain and suffering, and to undertake a calculation to determine what portion of an award is for past pain and suffering." *Id*. at *5. This persuasive reasoning thus plainly permits an award of pre-judgment interest on past damages arising from maritime torts when, as here, the jury's verdict segregates past damages from future damages. And that is the case even when the issue of pre-judgment interest was not directly raised to the jury in the jury instructions.

Here, Plaintiff sued under both admiralty and diversity jurisdiction and subsequently requested a jury trial under her diversity rights. While the issue of pre-judgment interest was never submitted to the jury, per se, either for their own consideration as part of their damage award or in the form of an instruction regarding the possibility of post-verdict augmentation of damages imposed by the Court, the jury nevertheless was tasked with providing a special verdict form that clearly segregated past from future damages. This special verdict form, unlike the general

13

verdicts used in earlier cases, indeed provides the Court with an objective method to determine which portion of the judgment we may properly augment with an award of pre-judgment interest. The reasons why interest was rejected in *Reichert* are thus not applicable here. *See also Sanford Bros.*, 412 F. 2d at 972 n.12 ("Nothing said herein relates to personal injury claims in the federal courts based on diversity of citizenship . . . or to prejudgment interest awarded as part of the compensation to make the injured party whole. We write only of interest on the judgment in a Jones Act case at law.") (internal quotation marks and citations omitted).

While decisions from other circuits could be read to require that juries, even in suits involving admiralty claims, must directly consider the issue of pre-judgment interest as the ultimate finder of fact, nothing in the Eleventh Circuit's precedents mandates such a procedure. In the absence of a compelling showing by Defendant that the circumstances of this suit would render the imposition of pre-judgment interest inequitable, an award of pre-judgment interest on all of Plaintiff's past damages rests within the sound discretion of this Court. Such an award is fully supported by the itemized jury verdict rendered in this case. The authorities cited by Defendant are thus inapposite or otherwise distinguishable.

### C. *Post–Judgment Interest Is Applicable Under 28 U.S.C. § 1961*

The final Judgment should bear post-judgment interest, as prescribed by 28 U.S.C. § 1961(a), "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." The current

weekly average 1-year constant maturity Treasury yield for the calendar week from Monday, February 26, 2024, to Friday, March 1, 2024, is 5.002%.

### III. CONCLUSION

For the foregoing reasons, the pending motion for entry of judgment [D.E. 321] should be **GRANTED** including Plaintiff's requested relief for pre-judgment interest on discrete past damages. The Final Judgment, including pre-judgment and post-judgment interest, should be entered in the amount of $12,026,753.82.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 8th day of March, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
Chief United States Magistrate Judge